# UNITED STATES OF AMERICA
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CRIMINAL ACTION NO. 4:16CR-00010-JHM

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.

KENNETH E. COPLEY                                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court a motion by Defendant, Kenneth E. Copley, to suppress evidence seized from his vehicle and subsequently from his residential property [DN 22]. A hearing was conducted in this matter on June 8, 2016. The parties filed supplemental memoranda [DN 44, DN 46]. Fully briefed and argued, this matter is ripe for decision

## I. BACKGROUND

Defendant Kenneth Copley filed this motion to suppress arguing that the stop of his vehicle by Kentucky State Trooper Jonathan Curtis McGehee on February 24, 2015 was unlawful in violation of the rights guaranteed to him by the Fourth Amendment to the United States Constitution. The Kentucky State Police and the Madisonville City Police received information that Defendant would be traveling in a vehicle with suspected methamphetamine and a firearm. Trooper McGehee was contacted on February 23, 2015, and asked to participate in the investigation. Trooper McGehee testified that his role in the investigation was to stop Defendant's vehicle the next day.

On February 24, 2015, Trooper McGehee was notified by other officers that the Defendant's black 1994 Mazda pickup truck had entered the Western Kentucky Parkway and was headed west toward Graham, Kentucky. Trooper McGehee waited for Defendant's vehicle

at a U-Turn on the Western Kentucky Parkway near the Graham exit. As Defendant's vehicle approached, Trooper McGehee pulled out, got behind Defendant's vehicle, and followed him for a couple of miles or so. Trooper McGehee and Detective Allan Stokes, Jr. with the Madisonville Police Department testified that they witnessed Defendant's truck traveling across the fog line and onto the rumble strips numerous times between mile marker 48 and mile marker 45. In his report, Trooper McGehee stated that he observed the pickup truck travel across the fog line on the roadway and onto the rumble strip more than once. Detective Carlo Anderson with the Kentucky State Police who was in the vehicle with Trooper McGehee testified that Defendant hit the outside or the fog line twice.

As a result of this conduct, Trooper McGehee stopped Defendant's vehicle near the Hopkins-Muhlenberg County line. Trooper McGehee testified that after having Defendant exit his vehicle, he asked Defendant where he was going and Defendant replied that he was going to the Nortonville pawn shop to try to sell a hunting rifle. Trooper McGehee requested consent to retrieve the firearm from the vehicle. Defendant consented. After retrieving the firearm, Trooper McGehee asked Defendant if he could search the truck for drugs or other weapons, and Defendant consented to the search of his vehicle. A search of Defendant's vehicle resulted in the seizure of a substance identified as methamphetamine. Trooper McGehee and the other officers testified that no coercion of any kind was exercised upon Defendant. A search warrant was obtained on the basis of the stop. A subsequent search of his garage resulted in the seizure of methamphetamine as well. Trooper McGehee charged Defendant with reckless driving in violation of KRS § 189.290, trafficking in a controlled substance, and carrying a concealed deadly weapon. Defendant filed this motion to suppress challenging both the stop of his vehicle and the length of his detention under the Fourth Amendment.

## II. DISCUSSION

**1. The Stop**

"The Fourth Amendment, applicable to the states through the Fourteenth, generally prohibits unreasonable searches and seizures." United States v. Hollis, 2014 WL 5471033, *4 (E.D. Ky. Oct. 28, 2014). "'An ordinary traffic stop by a police officer is a 'seizure' within the meaning of the Fourth [and Fourteenth] Amendment[s].'" Id. (quoting United States v. Blair, 524 F.3d 740, 748 (6th Cir. 2008)). An officer may lawfully "stop a car when he has probable cause to believe that a civil traffic violation has occurred[.]" United States v. Jackson, 682 F.3d 448, 453 (6th Cir. 2012) (citing Blair, 524 F.3d at 748). "The probable cause determination requires a common sense, totality of the circumstances assessment of the basis for a seizure or search." Hollis, 2014 WL 5471033, *4. "Probable cause for a traffic stop is 'a reasonable ground for belief, supported by less than prima facie proof but more than mere suspicion.'" Id. (quoting Blair, 524 F.3d at 748). A court must determine whether "'the facts and circumstances within [the officers'] knowledge and of which [they] had reasonably trustworthy information [are] sufficient to warrant a man of reasonable caution in the belief that' an offense has been or is being committed.'" Hollis, 2014 WL 5471033, *4 (quoting United States v. Hughes, 606 F.3d 311, 320 (6th Cir. 2010)). Importantly, the probable cause standard is objective. "'Subjective intentions play no role in probable cause Fourth Amendment analysis.'" Hollis, 2014 WL 5471033, *4 (quoting Schneider v. Franklin County., Ohio, 288 Fed. Appx. 247, 251 (6th Cir. 2008)).

Here, Trooper McGehee stopped Defendant's vehicle for a violation of KRS § 189.290, "the Commonwealth's reckless driving law." Hollis, 2014 WL 5471033, *4 (citing United States v. Scott, 338 Fed. Appx. 517, 518 (6th Cir. 2009)). Defendant maintains that Trooper McGehee

lacked probable cause to believe that Defendant had committed a traffic violation which would justify stopping the Defendant's vehicle.  KRS § 189.290 provides:

> (1) The operator of any vehicle upon a highway shall operate the vehicle in a careful manner, with regard for the safety and convenience of pedestrians and other vehicles upon the highway.
> (2) No person shall willfully operate any vehicle on any highway in such a manner as to injure the highway.

KRS § 189.290.  Defendant argues that simply allowing a vehicle to drift across the fog line and then return to its lane of travel, when the safety and convenience of pedestrians and other vehicles on the highway is not involved at all, does not constitute a violation of KRS § 189.290.  Accordingly, Defendant maintains that the stop was not justified, and all evidence received as a result of the stop should be suppressed.

The Court disagrees.  Trooper McGehee had a reasonable basis to believe that Defendant was not operating his vehicle in a careful manner with regard to the safety of pedestrians and other vehicles in violation of KRS § 189.290.  The record reflects that the officers observed the Defendant travel across the fog line and onto the rumble strip more than once while following him on the Western Kentucky Parkway.  Contrary to Defendant's argument, KRS § 189.290 does not require an operator to actually inconvenience or harm a pedestrian or other vehicle for a violation of the reckless driving statute to occur.  When a driver travels across the fog line and onto the rumble strip repeatedly, the driver of the vehicle is not operating the vehicle in a careful manner with regard to the safety of other vehicles on the highway.  Based upon this evidence, the Court finds that Trooper McGehee had probable cause to conduct a traffic stop of Defendant's vehicle for violating KRS § 189.290, the reckless driving statute.  Furthermore, even if Trooper McGehee did not have probable cause to stop Defendant for a violation of KRS § 189.290,

Trooper McGehee clearly had probable cause to believe the driver was impaired based upon the facts in evidence. Accordingly, the stop of the vehicle did not violate the Fourth Amendment.

**2. The Investigative Detention**

Defendant argues that the lengthy detention of Defendant by the police officers violated his Fourth Amendment rights. Defendant maintains that assuming that the stop was proper, any detention of Defendant past the time that Trooper McGehee determined that Defendant was not impaired was unlawful. In support of his argument, Defendant cites Trooper McGehee's testimony at the hearing:

> Q: Did you have him do anything either physically or mentally to satisfy yourself that he was not impaired in any way or he wasn't medically unstable or something like that?
> A: Yes, sir. I made that determination just after the roadside interview, after just talking to him for a few minutes. His eyes didn't appear glassy, weren't bloodshot, didn't have slurred speech. He wasn't unsteady on his feet. So I was satisfied that he was medically sound and didn't appear to be under the influence.

(Transcript at 20-21.) Based upon this testimony, Defendant argues that any detention following the "few minutes" during which Trooper McGehee determined that the Defendant was not impaired exceeded the purpose of the stop.

"[A]n investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop." United States v. Davis, 430 F.3d 345, 354 (6th Cir. 2005) (quoting Florida v. Royer, 460 U.S. 491, 500 (1983)). "Once the purpose of the traffic stop is completed, 'the officer may not further detain the vehicle or its occupants unless something that occurred during the traffic stop generated the necessary reasonable suspicion to justify a further detention.'" Simms v. McDowell, 2009 WL 3160353, *2 (W.D. Ky. Sept. 25, 2009)(quoting United States v. Perez, 440 F.3d 363, 370 (6th Cir. 2006)). The Supreme Court has stated that "[i]n assessing whether a detention is too long in duration to be justified as an investigative stop,

. . . it [is] appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly.'" United States v. Bah, 794 F.3d 617, 629 (6th Cir. 2015)(quoting United States v. Sharpe, 470 U.S. 675, 686 (1985) (citation omitted)).

The initial "investigatory detention" lasted at most a few minutes. The record reflects that during the initial investigative detention, Trooper McGehee learned about the existence of a firearm in the vehicle from Defendant. Specifically, Trooper McGehee testified:

> Q. . . . And that actually concluded the reason for your stop, did it not, once you made that determination?
> A. Well, during the course of that roadside interview is whenever the firearm come up.
> Q. Yes, sir.
> A. Which led to another violation.

(Transcript at 21.) Upon learning of the firearm in the vehicle, Trooper McGehee had reasonable suspicion to justify a further detention to determine if the firearm was stolen, to determine if he had a permit to carry a concealed deadly weapon, and to ask Defendant if he could search the truck for drugs or other weapons. Therefore, the record supports the finding that the officers diligently pursued their investigation under the circumstances.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Kenneth E. Copley, to suppress evidence seized from his vehicle and subsequently from his residential property [DN 22] is **DENIED**.

*[Signature]*
Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: counsel of record

July 18, 2016